*George F. Gober, C. M. Dobbs,* and *McElreath & Scott,* for defendant.

---

## EASTMAN COTTON MILLS *et al. v.* CITIZENS AND SOUTHERN BANK, trustee.

Under the facts submitted, the verdict directed by the court was demanded.
No. 1860.  MARCH 5, 1921.

Complaint for land. Before Judge Graham. Laurens superior court. October 28, 1919.

*W. M. Clements, Burch & Daley, John R. L. Smith,* and *Grady C. Harris,* for plaintiffs in error.

*Adams & Adams* and *J. S. Adams,* contra.

HILL, J. The Citizens and Southern Bank was the holder, as trustee, of certain bonds amounting in the aggregate to $85,000,

which had been issued by the Oconee River Mills, a manufacturing corporation. A policy of fire insurance was issued to the Oconee River Mills, which was deposited with the trustee as collateral and made payable as its interest might appear. The Oconee River Mills subsequently became insolvent, ceased to operate, and vacated the premises for a space of time that was in violation of a clause that was in the insurance policy, which provided that the policy should be void " if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than ten o'clock, or if it cease to be operated for more than ten consecutive days." The buildings constituting the manufacturing plant, the property insured, were destroyed by fire. The trustee brought suit against the insurance company on the policy referred to, the insured being a joint plaintiff with the trustee. Pending the suit the trustee made a settlement with the insurance company in the nature of a compromise of the claim for an amount less than the amount of the policy and less than the debt represented by the bonds; and the case was dismissed by the plaintiffs' attorneys. Then, in the exercise of the power of sale contained in the mortgage executed by the Oconee River Mills to secure the payment of the bonds, the trustee brought to sale the land upon which the manufacturing establishment had stood, conformably to the provisions of the power of sale, and became the purchaser at the sale, as it was expressly authorized in the mortgage to do, a deed being duly executed conveying the property to it as purchaser. Subsequently to the sale the Eastman Cotton Mills, a creditor of the Oconee River Mills, brought suit upon a claim against the latter, reduced the same to judgment, and had an execution issued on this judgment, which was levied upon the lot of land upon which the mill had formerly stood; and that lot was sold under the execution, the plaintiff in fi. fa. being the purchaser at the same and receiving a sheriff's deed duly executed. The purchaser at the execution sale went into possession of the property. The present suit, complaint for land, was instituted by the Citizens and Southern Bank as trustee, the grantee in the first conveyance referred to, against the Eastman Cotton Mills. The defendant filed a plea and an answer general in its nature, asserting that it had title to the land, and that the plaintiff did not have such title. During the trial counsel for the defendant made a statement to the court, setting up in substance the facts in regard to the pledge of the

policy, the compromise, the fact that the policy was greater in amount than the aggregate amount due on the bonds, and their contention that this amounted to a payment of the mortgage given to secure the bonds, that the mortgage therefore was paid off and discharged, that the power of sale was no longer of force, and that the sale to the plaintiff was inoperative and no title was passed thereunder, although the deed referred to was executed. After hearing this statement and the evidence that was introduced, the court directed a verdict for the plaintiff.

A verdict for the plaintiff was demanded under the facts submitted to the court, and therefore the court properly so directed. The receipt by the bank of a less amount than the amount of the mortgage was not in law a payment and discharge of the mortgage; it left a balance still due, and therefore the vitality of the power of sale was not destroyed, and a sale held under the power conformably it its provisions passed legal title to the bank; and the only question involved under the pleadings in this case was whether the plaintiff had legal title, its deed being older than the defendant's deed; and that being true, a verdict in its favor. necessarily followed under the pleadings and the evidence submitted to support them. If, upon the application of equitable principles to the facts of the case, the defendant desired and was entitled to have the full amount of the policy applied to the mortgage held by the trustee, pleadings setting up the facts entitling it to this equitable remedy should have been filed, and the power of the court to make the application thereby invoked. The mere oral statement of counsel of their insistence could not take the place of proper pleadings.

*Judgment affirmed. All the Justices concur, Atkinson, J., specially.*